IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-01001

| | |
|---|---|
| LAMARIA N. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>I.C. SYSTEM, INC. and EXPERIAN )<br>INFORMATION SOLUTIONS, INC., )<br>)<br>Defendants. )<br>) | **COMPLAINT**<br><br>**Jury Trial Demanded** |

NOW comes LAMARIA N. SMITH ("Plaintiff"), the undersigned, complaining as to the conduct of I.C. SYSTEM, INC. ("ICS"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of North Carolina, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of North Carolina.

1

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Charlotte, North Carolina, which falls within the Western District of North Carolina.

6. ICS is a third party debt collector claiming to be "a nationally recognized debt recovery agency."[1] ICS is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 444 East Highway 96, Vadnais Heights, Minnesota.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of North Carolina. Experian is a corporation organized under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of inaccurate reporting on Plaintiff's credit reports regarding a purportedly past-due obligation owed to L&E Property ("L&E") arising from an apartment-complex related debt ("subject consumer debt").

9. Prior to the events giving rise to the instant action, after the subject consumer debt was charged-off, it was placed with ICS for collection purposes.

---

[1] https://www.icsystem.com/

10. Thereafter, ICS began reporting the subject consumer debt on Plaintiff's credit reports.

11. Plaintiff ultimately submitted payment directly to L&E on or about February 22, 2025, fully satisfying the subject consumer debt.

12. L&E provided Plaintiff a ledger and email confirming that she no longer owed a balance.

13. However, ICS failed to update its reporting of the subject consumer debt, and it remained on Plaintiff's credit reports.

14. After noticing the incorrect reporting of the subject consumer debt, in or around October 2025, Plaintiff issued a dispute to Experian regarding the inaccurate reporting and information appearing on her credit report.

15. Plaintiff provided Experian all necessary information and facts for Experian to be able to readily determine the inaccurate nature of the information and accounts appearing on Plaintiff's credit reports.

16. Upon information and belief, ICS received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S. Code § 1681i(a)(2).

17. Experian failed to engage in a reasonable investigation in connection with Plaintiff's dispute. Despite the erroneous nature of the subject consumer debt appearing on Plaintiff's credit report, the clarity with which it was inaccurate, and readily available nature of the information demonstrating Plaintiff's lack of obligation on the inaccurately reporting debt, Experian continued reporting the debt as being owed by Plaintiff with an outstanding balance.

18. Plaintiff's dispute(s), of which ICS was or should have been aware, again did not result in the inaccurate information being removed from Plaintiff's credit report.

19. Instead, on or about October 11, 2025, Experian responded to Plaintiff's dispute(s) indicating that Experian's investigation and communications with ICS determined that the subject consumer debt was accurately reporting on Plaintiff's credit report.

20. As such, despite having actual knowledge that the subject debt was being inaccurately reported on Plaintiff's credit report when it had been paid in full to the original creditor, Defendants continued to report and allow the subject consumer debt to be reported on Plaintiff's credit report in an inaccurate manner, with such inaccurate designation persisting until the present.

21. The reporting of the ICS trade line on Plaintiff's credit reports is patently inaccurate and materially misleading because it represents that Plaintiff has outstanding balances owed on housing-related debts when in fact Plaintiff has paid said debts off.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

22. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff by leading prospective and potential creditors to believe that Plaintiff has a housing debt she does not owe.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has hampered Plaintiff's ability to accurately portray her creditworthiness.

24. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including but not limited to, denial of housing opportunities, lost time tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

25. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST ICS)

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

28. ICS is a "person" as defined by 15 U.S.C. §1681a(b).

29. ICS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

30. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

31. ICS violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

32. ICS violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

33. Had ICS reviewed the information provided by Experian and Plaintiff, or its own files, it would have corrected the inaccurate designation of the subject consumer debt and correctly reported Plaintiff's lack of obligation thereon. Instead, ICS wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

34. ICS violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

35. ICS violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

36. ICS violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit files.

37. ICS failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

38. Despite the blatantly obvious errors in Plaintiff's Experian credit files, and Plaintiff's efforts to correct the errors, ICS did not correct the errors or trade line to report accurately. Instead, ICS wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute(s) to one or more third parties.

39. A reasonable investigation by ICS would have confirmed the veracity of Plaintiff's dispute(s), yet the inaccurate information remains in Plaintiff's Experian credit files.

40. Had ICS taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

41. By deviating from the standards established by the financial services industry and the FCRA, ICS acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

WHEREFORE, Plaintiff, LAMARIA N. SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing ICS to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

   g. Award any other relief as this Honorable Court deems just and appropriate.

<u>COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
(AGAINST EXPERIAN)

42. Plaintiff restate and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

44. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

45. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

46. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

47. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

48. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

49. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free

7

of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

50. Plaintiff provided Experian with all relevant information in her numerous requests for investigation to reflect that the subject consumer debt had been fully satisfied with the original creditor and that Plaintiff owed no remaining balance on said obligation.

51. Experian failed to conduct a reasonable investigation into Plaintiff's dispute(s). Specifically, Experian either failed to respond within 30 days or otherwise confirmed the accuracy of the reporting despite the plainly erroneous and inaccurate nature thereof.

52. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

53. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

54. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to ICS. Upon information and belief, Experian also failed to include all relevant information as part of the notice to ICS regarding Plaintiff's dispute that Experian received from Plaintiff.

55. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

56. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

57. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from ICS that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

58. Experian knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files would have an impact on Plaintiff's credit worthiness and ability to receive financing and/or credit opportunities.

59. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

60. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

61. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

62. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

63. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

64. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

65. As stated above, Plaintiff was harmed by Experian's conduct.

WHEREFORE, Plaintiff, LAMARIA N. SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

This the 18th day of December, 2025.

BY: /s/ Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
COUNSEL CAROLINA
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
T:  919.373.6422
F:  919.578.3733